IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL TYREE, | : | CIVIL ACTION NO. **1:CV-06-0112** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| CAMERON LINDSAY, WARDEN, | : | |
| Respondent | : | |

### REPORT AND RECOMMENDATION

Petitioner, Wardell Tyree, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan") filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 17, 2006. (Doc. 1).[1]  Attached to the Petition are several exhibits. Petitioner paid the filing fee.  We now give preliminary consideration to the  Petition.[2]

We now give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable

---

[1] Petitioner correctly indicates that his Habeas Petition is filed pursuant to 28 U.S.C. § 2254 and not § 2241, since he is a District of Columbia ("D.C.") convicted inmate confined in a federal prison challenging his D.C. conviction. *See De Vaughn v. Dodrill*, Appeal No. 03-4162, (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential) ("For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is a 'State court.'")(citation omitted).  Thus, since Petitioner Tyree is challenging the validity of his D.C. conviction, he must rely upon § 2254. Also, we refer to the D.C. Superior Court herein as the D.C. state court.

[2] Petitioner Tyree filed a previous Habeas Petition with this Court, Civil No. 02-1871, M.D. Pa. In his 02-1871 case, we recommended that the Habeas Petition be denied with respect to Petitioner's claim for meritorious good time credits, and that with respect to Petitioner's claim for educational good time credits, the Petition be dismissed without prejudice to re-file after Petitioner exhausts his Bureau of Prisons ("BOP") administrative remedies. On May 28, 2003, the District Court adopted our Report and Recommendation. (Doc. 17, 02-1871).

to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[3]

## I. Background.

We take the following state court procedural background of Petitioner's case from our prior Report and Recommendation in Civil Action No. 02-1871.

> On July 30, 1998, the Petitioner was sentenced in the District of Columbia Superior Court to ten (10) to thirty (30) years and three hundred sixty (360) days in prison for second degree burglary and theft, which crimes were committed in October, 1996. (Doc. 7, R. 2, ¶'s 4-5.).[4]  Petitioner was sentenced under the District of Columbia Omnibus Criminal Justice Reform Amendment Act of 1994, D.C. Law 1–151 (the Act) (effective August 20, 1994). (*Id*. at ¶ 5.).   The Act was applicable to District of Columbia ("D.C.") crimes which were committed on or after June 22, 1994. (*Id*.). Thus, the provisions of the Act applied to our Petitioner.  Petitioner began serving his current sentence on December 2, 1998, and he was transferred to custody of the Federal Bureau of Prisons ("BOP") at FCI-Allenwood on February 6, 2001, pursuant to the D.C. Revitalization Act of 1997.  His projected release date is November 8, 2029. (*Id*. at ¶'s 4.-6.).

In his present Petition, Petitioner indicates and his exhibits show that he filed a Petition for Writ of Mandamus with the United States District Court for the District of Columbia to compel the D.C. State Court of Appeals to decide his unexhausted state court issues challenging his D.C. conviction. (Doc. 1, p. 3 & Ex. 3).  Petitioner indicates that his Writ of Mandamus was filed

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[4]All document numbers in the state court procedural background section of this Report and Recommendation are from Civil Action No. 02-1871.

to Civil No. 05-1149 in the United States District Court for the District of Columbia and that on June 9, 2005, the District Court dismissed his writ for lack of subject matter jurisdiction. (*Id.*, Ex. 3 attached Memorandum & Order). Petitioner then filed with the District of Columbia District Court a motion for relief from judgment under Rule 60(b). The District Court dismissed this motion. (*Id.*, Ex. 3, September 30, 2005 Order). Petitioner then filed a Motion for Stay of his time limit to file a § 2254 habeas petition with the District Court for the District of Columbia while he filed an appeal of the District Court's orders with the Court of Appeals for the District of Columbia Circuit. Petitioner also filed an appeal with the Court of Appeals for the District of Columbia Circuit, Appeal No. 05-1149. (Doc. 1, p. 3 & Ex. 3). Petitioner states that no action has been taken to date on his appeal filed with Court of Appeals for the District of Columbia Circuit. Petitioner's Exhibit 3 to his Petition indicates that on December 29, 2005, the Court of Appeals for the District of Columbia Circuit issued an Order directing briefs to be filed in Petitioner's appeal by February 15, 2006. (Doc. 1, Ex. 3, last page). Petitioner states that since no action on his appeal has been taken, and since the District Court did not stay his § 2254 time limit, he was forced to file the present Habeas Petition in this Court before his § 2254 statute of limitations expired. (Doc. 1, p. 3).

**II. Discussion.**

We conclude that, based on this Court's recent cases, as well as *Parker v. Kelchner*, 429 F.3d 58, 2005 WL 2979229 (3d Cir. 2005), the present Petition should be stayed while Petitioner completes exhaustion of his appeal of his challenge to his state court conviction which he states contains unexhausted issues. Petitioner claims in part that his D.C. conviction was contrary to established precedent of the United States Supreme Court and that it was in violation of the United

States Constitution. We find that the instant Habeas Petition should be stayed pending exhaustion of his appeal with the Court of Appeals for the District of Columbia Circuit, as well as his D.C. Court remedies, as opposed to dismissal for the failure to exhaust.[5] As stated, Petitioner seeks the federal Appeals Court to direct the D.C. State Court to decide his unexhausted claims regarding his D.C. conviction.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims. 28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). As the Third Circuit recently stated:

> Exhaustion, however, is not a jurisdictional matter but a matter of comity. *See Story v. Kindt,* 26 F.3d 402, 405 (3d Cir. 1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. *Id.;* 28 U.S.C. § 2254(b)(1)(B).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Parker*, 429 F.3d 61-62.

As stated, Petitioner's Habeas Petition and exhibits filed with his Petition indicate that he filed an appeal regarding his D.C. conviction with the District of Columbia Circuit Court of Appeals and that this appeal is still pending. Petitioner states that he then filed the present Habeas Petition to preserve his § 2254 statute of limitations. (Doc. 1, p. 3). Thus, the question of exhaustion of

---

[5]Recently, this Court has stayed habeas petitions pending exhaustion of state court remedies. In *Benchoff v. Colleran,* 03-740, M.D. Pa. (J. Caputo), this Court stayed Petitioner's habeas petition since he did not exhaust all of his habeas claims with the Pennsylvania state courts. *See also Simmons v. PA Parole Bd.*, 04-1001, M.D. Pa. (J. Jones) (Exhaustion not excused).

available state court remedies arises. The Petitioner does not claim that any appeal of the D.C. District Court's decisions to the appeals court, in an attempt to get the federal courts to order the D.C. State Court to decide his unexhausted claims regarding his D.C. conviction, is futile. Petitioner is seeking the federal appeals court to direct, through mandamus, the D.C. judges to decide the issues he raised in his direct appeal. (Doc. 1, Ex. 3, Rule 60(b) Motion). Petitioner states that the D. C. Judges have evaded several issues he raised in his direct appeal of his D.C. conviction. (*Id*., p. 2). Thus, Petitioner seeks to exhaust his claims challenging his D.C. conviction in the D.C. State Court, and requests the D.C. federal court to direct the D.C. State Court to address his claims *via* a writ of mandamus. Petitioner acknowledges that his claims challenging his D.C. conviction are not fully exhausted in the D.C. State Court. (*Id*., p. 3).

Based on this Court's decisions in *Barnhart v. Kyler*, 318 F.Supp. 2d 250, 256-57 (M.D. Pa. 2004*), Simmons* and *Benchoff,* as well as the recent Third Circuit case of *Parker, supra,* we find that exhaustion has not been completed in this case and that exhaustion is not futile. We find that the approach which Judge Caputo used in *Benchoff* should be applied in this case.

As the *Benchoff* Court stated:

> Prior to the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the presentation of a petition for writ of habeas corpus which included unexhausted claims typically resulted in dismissal of the entire petition without prejudice. *Barnhart v. Kyler*, 318 F.Supp.2d 250, 261 (M.D. Pa. 2004) (Caldwell, J.) (sic). However, the passage of AEDPA "imperils past judicial practices." *Id.* The AEDPA amendments now prescribe a one-year period within which a petitioner must file his petition, beginning at the time of the final state court judgment. 28 U.S.C. § 2244(d). The one year statutory period prescribed by AEDPA is not tolled by the filing of a petition in federal court, even where a court dismisses the petition without prejudice to allow the petitioner to exhaust the available

> state court remedies. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).
> Consequently, where a court dismisses a petition without prejudice
> for failure to exhaust state remedies, that petitioner may be precluded
> from ever filing another federal habeas petition. *Crews v. Horn*,
> 360 F.3d 146, 151 (3d Cir. 2004). To avoid such a harsh effect, the
> United States Court of Appeals for the Third Circuit recently ruled
> that where a petitioner files a petition containing both exhausted
> and unexhausted claims, the Court must stay the proceedings pending
> exhaustion fo the claims in state court if outright dismissal of the
> petition would preclude the petition from filing a subsequent
> petition within the one year period. *Id.* at 151-54.

*Benchoff, supra*, slip op. at p. 4.

Therefore, based on this Court's holdings in *Benchoff* and *Barnhart,* and the *Parker* case, we find that exhaustion is not futile, and that this case should be stayed pending the Petitioner's appeal to the District of Columbia Circuit Court of Appeals and his attempt to have the federal appeals court direct the D.C. State Court to address his unexhausted claims challenging his D.C. conviction, and to exhaust his available state court remedies with respect to his Constitutional claims regarding his D.C. conviction. As in *Benchoff*, if Petitioner is denied state court relief, he should be given thirty (30) days from the time of denial to return to federal court to resume his habeas petition.[6]

---

[6] As Petitioner recognizes, the amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is the date of Petitioner's 1998 judgment of sentence in the District of Columbia Superior Court became final, since it was after the effective date of the AEDPA. *Id.* ; *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). However, any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra*.

**III. Recommendation.**

Based on the foregoing, we respectfully recommend that this case be stayed pending the Petitioner's exhaustion of the available state court remedies with respect to his Constitutional claims. If Petitioner is denied D.C. state court relief, he should be given thirty (30) days from the time of denial to return to federal court to resume his Habeas Petition.[7]

                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: February 17, 2006**

---

We make no determination at this time as to whether Petitioner's Habeas Petition challenging his 1998 D.C. conviction is timely under the AEDPA. After Petitioner's attempt to exhaust his D.C. State Court remedies, we shall give the parties the opportunity to discuss the timeliness of this petition, as well as whether exhaustion of his claims has been completed.

[7] Even if Petitioner's appeal to the D.C. State Court of his present habeas claims is rejected as untimely, as this Court in *Barnhart* held, this "does not frustrate exhaustion." "The claim was presented to the state supreme court through the standard and appropriate procedural channel. Exhaustion is established." *Barnhart, supra*, 318 F. Supp. 2d at 257. (Citations omitted). Thus, based on *Barnhart*, Petitioner is required to present his instant claims to the state D.C. State Court to establish exhaustion.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL TYREE, | : | CIVIL ACTION NO. **1:CV-06-0112** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CAMERON LINDSAY, WARDEN, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **February 17, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 17, 2006**