IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL TYREE, | : | CIVIL ACTION NO. **1:CV-06-0112** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| CAMERON LINDSAY, WARDEN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

Petitioner, Wardell Tyree, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan") filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on January 17, 2006. (Doc. 1).[1] Attached to the Petition were several exhibits. Petitioner paid the filing fee. We then gave preliminary consideration to the Petition.[2]

---

[1] Petitioner correctly indicated, and Respondent recognizes (Doc. 29, p. 4, n. 1), that his Habeas Petition was filed pursuant to 28 U.S.C. § 2254 and not § 2241, since he is a District of Columbia ("D.C.") convicted inmate confined in a federal prison challenging his D.C. conviction. *See De Vaughn v. Dodrill*, Appeal No. 03-4162, (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential) ("For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is a 'State court.'")(citation omitted). Thus, as we noted in our February 2007 Report and Recommendation, since Petitioner Tyree is challenging the validity of his D.C. conviction, he must rely upon § 2254.

[2] Petitioner Tyree filed a previous Habeas Petition with this Court, Civil No. 02-1871, M.D. Pa. In his 02-1871 case, we recommended that the Habeas Petition be denied with respect to Petitioner's claim for meritorious good time credits, and that with respect to Petitioner's claim for educational good time credits, the Petition be dismissed without prejudice to re-file after Petitioner exhausts his Bureau of Prisons ("BOP") administrative remedies. On May 28, 2003, the District Court adopted our Report and Recommendation. (Doc. 17, case # 02-1871).

Upon conducting our preliminary review of the above-captioned Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254, on February 17, 2006, we issued a Report and Recommendation (Doc. 8) and recommended that this case be stayed pending the Petitioner's exhaustion of the available state court remedies with respect to his Constitutional claims. We also recommended that, if Petitioner was denied D.C. state court relief, he should be given thirty (30) days from the time of denial to return to federal court to resume his Habeas Petition. On April 4, 2006, the District Court issued an Order and adopted our Report and Recommendation, and stayed this case pending conclusion of Petitioner's D.C. Court proceedings. (Doc. 9).

To date, Petitioner's Habeas Petition has not been served on Respondent since this case was stayed *sua sponte* by the Court.

During the time Petitioner's case has been stayed, Petitioner has filed periodic Status Reports with the Court, as well as a Motion to File an Action Under the Privacy Act and a Mandamus Action, which was denied. (Doc. 16). On July 20, 2007, Petitioner filed a Motion to Transfer from State Court for its Failure to Exercise its Jurisdiction and /or Motion to Lift the Stay Order dated April 4, 2006. (Doc. 26). Petitioner attached exhibits to his Motion. On August 24, 2007, the Court directed the United States Attorney to respond to Petitioner's July 2007 Motion. (Doc. 27). Petitioner also filed a letter addressed to the Court, with exhibits, in which he stated that he received an Order from D.C. Superior Court Judge Mott denying his Motion entitled Second and/or Successive Habeas Writ Pursuant to DC Code 23-110. (Doc. 26). Petitioner attached a copy of Judge Mott's August 23, 2007 Order to his letter. Petitioner stated that on August 31, 2007, he

mailed Judge Mott a Rule 59 Motion.

Petitioner indicates to this Court that it can proceed with his Motion to Transfer (Doc. 26) or "give Judge J.M. Mott the opportunity to respond to the Rule 59 motion that I mailed to him on August 31, 2007. It is your [this Court's] call." (Doc. 28, p. 2).

On September 14, 2007, the United States Attorney ("the Government"), on behalf of Respondent, responded to Petitioner's Motion to Transfer as directed by the Court. (Doc. 29).[3] The Government attached four copies of Orders issued by District Court Judges of this Court to its opposition Brief to support its request that Petitioner's case be transferred to the District Court for the District of Columbia.

**II.  Discussion**.

We agree with the Government that Petitioner's Motion to Transfer his case from D.C. Court to this Court or to lift the stay should be denied, since he still has not exhausted his D.C. Court remedies. In fact, Petitioner readily admits that Judge Mott denied his Motion for Second and/or Successive Habeas Writ pursuant to DC Code 23-110 on August 23, 2007, and Petitioner then mailed the judge a Rule 59 Reconsideration Motion[4] on August 31, 2007. Petitioner's recently submitted Rule 59 Motion has clearly not yet been decided upon by the D.C. Court. Petitioner even suggests that this Court may want to give Judge Mott the chance to rule on his recent Rule 59 Motion.

---

[3]We refer to the Response by the United States Attorney as the Government's Response since, as stated above, Respondent has not yet been served with the Habeas Petition in this case.

[4]We presume Petitioner refers to a Fed. R. Civ. P. 59 Motion. *See* Doc. 28, Ex. 3.

3

Petitioner's futility and undue delay arguments made in his Motion to Transfer (Doc. 26, pp. 2-3) are now moot, since Judge Mott has now ruled upon, after Petitioner filed his present Motion to Transfer, Petitioner's Motion, filed with the D.C. Court, for permission to file a second or successive writ under DC Code 23-110.  (*See* Doc. 28, Ex. 2).  Petitioner originally argued in his present Motion to Transfer that, due to the undue delay by the D.C. Court in ruling on his motions, including the stated Motion to file a second or successive writ under DC Code 23-110, his case should be transferred back to this Court (*i.e.* the United States District Court for the Middle District of Pennsylvania).[5]  In the alternative, Petitioner requested that this Court lift the Stay Order, finding futility of exhaustion, and deem the D.C. Court essentially as refusing to respond to his Motions.  However, as stated, the D.C. Court has now ruled upon at least one of Petitioner's outstanding Motions in that Court, and Petitioner can appeal it.  Indeed, Petitioner admits that he has in fact filed a Rule 59 Reconsideration Motion with Judge Mott with respect to this Judge's August 23, 2007 Order denying Petitioner's Motion for Permission to File a Second or Successive Writ under DC Code 23-110.  (Doc. 28, Ex. 3).[6]  Petitioner's own evidence supports the Government's present argument (Doc. 29, p. 6) that a return to state court by Petitioner is not futile.  Petitioner's exhibits show that he still has available a D.C. Court corrective process.  It would appear that after Judge Mott rules upon Petitioner's Rule 59 Motion for Reconsideration, Petitioner will then be able to

---

[5] Petitioner's § 2254 Habeas Petition filed with this Court was never transferred to the D.C. Court or to the United States District Court for the District of Columbia.

[6] Petitioner attaches a copy of his Motion to File a Second and/or Successive Habeas Writ under DC Code 23-110, dated January 24, 2007, to his Doc. 28 filing, Ex. 4.

appeal to a higher D.C. Court.

We also agree with the Government that, based on ths history of this case, since Petitioner is challenging his D.C. Superior Court conviction, which is in the jurisdiction of the United States District Court for the District of Columbia, since all records of Petitioner's conviction are with that Court, and all witnesses and counsel are located there, notwithstanding this Court's jurisdiction over Petitioner's § 2254 habeas case, for the convenience of the parties and in the interest of justice, this case should be transferred to the United States District Court for the District of Columbia. We find no prejudice to Petitioner, since he has been actively pursuing his D.C. Court remedies in the District of Columbia and since Respondent has not even been served yet with Petitioner's present Habeas Petition that has been stayed in this Court. Also, no action has been taken on Petitioner's Habeas Petition since the April 2006 stay, and the United States District Court for the District of Columbia is more familiar with the D.C. State Court procedural requirements and applicable rules with respect to the exhaustion issue that has been a focal point of this case. In fact, the Government has attached copies of four Orders issued by District Court Judges of this Court in similar habeas cases filed by prisoners confined in the Middle District of Pennsylvania but who challenged their D.C. Superior Court state convictions *via* § 2254 habeas petitions. (Doc. 29-2). As noted, D.C. Code offenders are considered state prisoners for purposes of the federal habeas statutes. As Judge Nealon stated in his recent January 2, 2007 Order, in *Johnson v. Miner*, Civil no. 06-2309, M.D. Pa., Slip Op. p. 4:

> Johnson [an inmate at USP-Allenwood] is challenging a
> District of Columbia Superior Court conviction, which is in the
> jurisdiction of the United States District Court for the District of
> Columbia. All records of conviction, transcripts of proceedings,

5

>witnesses, counsel, and conviction records are located within the District of Columbia.  Thus, for the convenience of the parties and in the interests of justice, the action will be transferred to the United States District Court for the District of Columbia.

There are two other similar Orders of Judge Nealon attached to the Government's Response, Doc. 29-2, as well as a copy of Judge Kosik's Order in *Graham v. Miner*, Civil No. 05-719, M.D. Pa.

## III.  Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Motion to Transfer from State Court or, in the Alternative, Motion to Lift the Stay Order of April 4, 2006 **(Doc. 26)** be denied.  It is also recommended that the Government's alternative request (Doc. 29, p. 10) that Petitioner's present § 2254 habeas case be transferred to the United States District Court of the District of Columbia, be granted for the convenience of the parties and in the interest of justice. *See Johnson v. Miner*, 3:CV-06-2309, *slip op.* (M.D. Pa., Jan. 3, 2007) (J. Nealon); *Reynolds v. Miner*, 3:CV-06-2160, *slip op.* (M.D. Pa. Dec. 5, 2006) (J. Nealon); *Resper v. Miner*, 3:CV-06-2253, *slip op.* (M.D. Pa., Dec. 5, 2006) (J. Nealon); *Graham v. Smith*, 3:CV-05-0719, *slip op.* (M.D. Pa. Jan. 4, 2006) (J. Kosik).

>**s/ Thomas M. Blewitt**
>**THOMAS M. BLEWITT**
>**United States Magistrate Judge**

**Dated: October 9, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL TYREE, | : | CIVIL ACTION NO. **1:CV-06-0112** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CAMERON LINDSAY, WARDEN, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **October 9, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                **s/ Thomas M. Blewitt**
                **THOMAS M. BLEWITT**
                **United States Magistrate Judge**

**Dated: October 9, 2007**